**SUMMONS ISSUED**

**CV 12 4016**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEREMIAS GRANADOS and MARCOS CHAVEZ
*On behalf of themselves and
others similarly situated*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 13 2012 ★

INDEX NO:

LONG ISLAND OFFICE

Plaintiffs,

**COMPLAINT**

-against-

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

GOLD COAST TENNIS INC.,
JOHN DOE PRIME CONTRACTORS 1 THROUGH 10, and
JOHN DOE BONDING COMPANIES 1 THROUGH 10
WILLIAM SMITH AND TRAFFORD WATKINS
in their individual capacity

**BIANCO, J.**

**WALL, M.J.**

Defendants.
------------------X

Plaintiffs, JEREMIAS GRANADAS and MARCOS CHAVEZ, by and through their attorney, DELVIS MELÉNDEZ, complaining of the Defendants GOLD COAST TENNIS INC., WILLIAM SMITH, and TRAFFORD WATKINS sued herein individually and collectively, respectfully alleges as follows:

### NATURE OF THE CLAIM

1. This action is brought to recover from the Defendants unpaid overtime compensation, as well as an additional equal amount in liquidated damages, costs and reasonable counsel fees under the provisions of Title 29

U.S.C.A. 201 et seq., and specifically under the provisions of Title 29 U.S.C.A. 216(b).

## JURISDICTION

2.  This Court has jurisdiction over the claims presented on the First Claim for Relief herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 U.S.C. Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)).

3.  Jurisdiction is conferred on this Court by Title 28 U.S.C.A. 1337 and by Title 29 U.S.C.A. 16(b). Defendant employer is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 42 Mill Lane Huntington, New York 11743 within the jurisdiction of the court. At the times mentioned the defendants employed the Plaintiffs and others similarly situated.

4.  This Court has jurisdiction over the New York State Law claims presented in the Second Claim for Relief pursuant to 28 U.S.C. § 1367(a).

5.  The Plaintiffs are residents of the County of Suffolk within the jurisdiction of this honorable court.

## PARTIES

6.      On information and belief, the defendant, William Smith, is the owner or sole or partial shareholder or agent of the corporate defendant the owner or sole or partial shareholder of the corporate defendant.

7.      On information and belief, the defendant, Trafford Watkins the owner or sole or partial shareholder or agent of the corporate defendant.

8.      On information and belief, the defendants, William Smith and Trafford Watkins, by virtue of their status as owners, shareholders, directors, and officers of the corporate defendant exercises complete control over the corporate defendant.

9.      On information and belief, the defendant Gold Coast Tennis, is engaged in a for profit business which has gross revenue in excess of $500,000 per annum and is engaged in the production of goods for interstate commerce. Specifically, Defendant, Gold Coast Tennis, is in the business of tennis court construction and/ or repairs and is an "employer" subject to the jurisdiction of the FLSA.

10.     Plaintiff, Jeremias Granados, began his employment with Gold Coast Tennis Inc., as a full time laborer, in or about, 1996.  He continues to work with for company until present day.

11. Plaintiff, Marcos Chavez, began his employment with Gold Coast Tennis Inc., as a full time laborer, in or about, 2008. He worked for the company until 2011.

12. Upon information and belief, John Doe Bonding Company, (hereinafter referred to "Bonding Company") is a corporation incorporated or otherwise authorized to do business under the laws of the State of New York, is engaged in the surety bonding business, and issued payment bonds to Defendant Gold Coast Tennis Inc., in connection with publicly financed projects.

13. Upon information and belief, John Doe prime contractor, is a corporation incorporated or otherwise authorized to do business under the laws of the State of New York, who may have been the prime contractor on the prevailing wage projects.

## FACTS

14. At all times pertinent to this Complaint, the Plaintiffs **Jeremias Granados** and Marco Chavez worked as laborers.

15. Plaintiffs routinely worked in excess of 40 hours per week but Defendants failed to comply with Title 29 U.S.C.A. 201-219, in that the Plaintiffs worked for the Defendants in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to pay the Plaintiffs the overtime required by the Act.

16.     Plaintiffs were non exempt workers.

17.     Plaintiffs were paid on an hourly basis.

18.     Plaintiffs worked six days per week.

19.     Defendants in attempt to circumvent their obligations under both state and federal wage and hour law would pay plaintiffs up to 40 hours by check. The remaining overtime hours were paid in cash at a straight time rate. The cash was placed in a white envelope which accompanied the check. In 2012, defendants changed their practice and would pay up to 10 hours of overtime in check and the remaining overtime hours in cash.

20.     The Plaintiffs performed labor for the defendants, or one or more of the defendants, for certain projects located in New York State which were public works improvements and/or construction projects within the meaning of New York Labor Law Articles 8, 8-A or 9, such projects including, but not limited to, installation, construction, and repair of tennis courts for various projects in Nassau, Suffolk, in the State of New York.

21.     That the corporate defendants had one or more contracts with public entities which contracts required the payment of prevailing wages, as per New York Labor Law Articles 8, 8-A, or 9, to workers, and corporate defendant acted as a contractor or sub-contractor on one or more of such contracts.

22. Throughout their employment plaintiffs worked on prevailing wage projects. Plaintiffs were not paid the prevailing wage rate, misclassified and/or paid less then what the State's wage schedules required.

23. That the corporate defendants had a duty to pay the employees working on those public works projects according to the terms delineated in the contract and failed to pay its employees according to the specified terms.

24. That as to the tort causes of action pled herein it is alleged that such causes of action are exempt from the provisions of CPLR Article 16 pursuant to CPLR § 1602 and that all of the defendants are jointly and severally liable for the plaintiffs damages.

25. The various actions taken by the individual defendants to effectuate their overtime and prevailing wage payment evasion scheme include the following:

    a) Intentionally failing to maintain accurate records of wage payments made to workers, such as the plaintiffs, that showed the actual overtime hours the plaintiffs worked;

    b) Intentionally failing to pay workers, such as the plaintiffs, wages and overtime wages for work in excess of 40 hours per week;

c) Falsifying records and documents indicating that workers, such as the plaintiffs, were being paid the appropriate prevailing rate wages as required by New York State Law;

d) Setting up and/or maintaining the corporate defendants in an attempt to shield the individual defendants from any personal liability for their illegal actions, such as a corporate defendant being merely a front or agent which the individual defendants used in the furtherance of their illegal scheme.

26. The individual defendants took it upon themselves to deny the plaintiffs the payment of the plaintiffs' full, legal and proper wages such actions being undertaken by the individual defendant intentionally, with full knowledge of their illegality, and for the specific purpose of personally enriching the individual defendants at the expense of the plaintiffs.

27. The individual defendants, by intentionally acting to violate the laws, rules, regulations, statutes and wage orders alleged herein, and/or by virtue of their position as controlling owners and/or managers of the corporate defendant, and/or by acting as the plaintiffs employer within the meaning of the FLSA, assumed personal liability for the claims of the plaintiffs herein.

28. The individual defendants, as part of an overtime and prevailing wage payment evasion scheme, have vitiated the

independent legal existence of the corporate defendants and as a result have made themselves, along with the corporate defendants, jointly and severally, liable for the claims made herein.

29. The individual defendants operated, acted and/or otherwise took action through their control of the corporate defendant to consciously deprive the plaintiffs of overtime and/or other wages due them under common law and New York State Law. The individual defendants undertook such actions on their own initiative and for their own benefit and did not take such actions simply at the behest of or as an agent of the corporate defendant and that such actions by the individual defendants were illegal and "ultra vires" to the corporate defendant thus destroying any separate and independent legal existence of the corporate defendant for the purposes of the claims made by plaintiffs herein and making the individual defendant(s) personally liable for such claims.

30. This action is brought to recover from the Defendants unpaid overtime compensation, as well as an additional equal amount in liquidated damages, costs and reasonable counsel fees under the provisions of Title 29 U.S.C.A. 201 et seq., and specifically under the provisions of Title 29 U.S.C.A. 216(b), and the Labor Law of the State of New York, including but not limited to, Articles 6, 8, 9 and 19, New York Labor Law §§

191, 193, 198, 918-b, 220-g, 223, 239-a, 652, 662 and 663, the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-142, and the common law.

31.     Defendants, conduct was willful as it manifested a blatant disregard for the law. Moreover, the pattern and practice of blatantly violating the Fair Labor Standards Act was not a single incident violation. The defendant company engaged in a pattern and practice of wage violations for an extended period of time, and this practice effected many workers.

32.     That the defendants have willfully violated the statutes and regulations which are alleged in this Complaint and which form the basis of Plaintiffs claims for relief.

33.     The Plaintiffs are entitled to compensation at the rate of one and one half times the regular rate of pay at which he was employed, all of which the Defendants failed and refused to pay to the Plaintiffs.

34.     The undersigned JEREMIAS GRANADOS, and MARCOS CHAVEZ employees of Defendants, Gold Coast Tennis Inc., et al. consents to becoming a party Plaintiffs in the above-captioned matter.

## AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FEDERAL FAIR LABOR STANDARDS ACT ON BEHALF OF JEREMIAS GRANDADOS AND SUCH OTHER PERSONS WHO CONSENT IN WRITING TO JOIN THIS ACTION PURSUANT TO 29 U.S.C. § 216(B)

35.     The plaintiffs brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216(b), and upon information and belief there are numerous such similarly situated persons.

36.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the plaintiffs was entitled to a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendants, and defendants willfully failed to make said overtime wage payments.

37.     The plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and such other similarly situated persons who consent in writing to join this action, and the plaintiffs also seeks an award of liquidated damages equal to 100% of such amount, attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF
ON BEHALF OF JEEREMIAS GRANADOS
AS A THIRD PARTY CONTRACT BENEFICIARY**

38. Plaintiffs repeat and reallege each and every allegation previously set forth herein.

39. That the defendants, or one or more of the defendants, entered into contracts with one or more third parties to perform the construction/repair work which the plaintiffs provided labor for.

40. That when the defendants or one or more of the defendants, entered into the aforesaid contracts to perform the work which the plaintiffs provided labor for such defendants agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the plaintiffs a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

41. That the plaintiffs were a third party beneficiary of the aforesaid contracts.

42. That the defendants, or one or more of the defendants, breached the aforesaid contracts in that they failed to pay the plaintiffs the prevailing wages required under such contracts, and that the plaintiffs did not receive the monies he was due as a third party beneficiary of the aforesaid contracts which provided for the payment of a prevailing wage to the plaintiffs.

43.     The plaintiffs seek, on this Second Claim for Relief, a judgment for damages based upon an accounting of the amount of money the plaintiffs were paid and the amount of money he should have been paid as a third party beneficiary of such contracts, together with an award of interest, costs, disbursements, attorney's fees, liquidated damages, and such other relief as the Court deems proper.

<b>AS AND FOR A THIRD CLAIM FOR RELIEF<br>ON BEHALF OF JEREMIAS GRANADOS AS A WORKER<br>ENTITLED TO THE FULL PAYMENT OF HIS<br>WAGES AND PAYMENT OF OVERTIME WAGES AS PER THE<br>NEW YORK STATE LABOR LAW</b>

44.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

45.     Pursuant to the applicable provisions of New York State Law, plaintiffs were entitled to an overtime hourly wage of time and one-half for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendants, and defendants failed to make said overtime payments.

46.     At the times pertinent to this complaint, defendants failed to comply with New York State Law, including the protections set forth in Articles 6 and 19 of the Labor Law of the State of New York and the wage orders contained at 12 NYCRR 137 to 142 and Section 198 of said law, in that plaintiffs worked for defendants in excess of the number of hours for which

plaintiffs should receive their regular hourly wages under New York State Law and defendants failed to pay plaintiffs at the rate of time and one-half for the hours worked in excess of said number of hours set forth in New York State Law and/or defendants failed to pay the plaintiffs the overtime wage provided for under said law including the provisions under the aforesaid regulations which require payment of an additional one hour's pay for each day worked where the shift of hours is in excess of ten hours per day. Defendants have failed to otherwise pay plaintiffs their full agreed upon and legal wages and wage supplements.

47.     As a result of the foregoing, the plaintiffs seeks, on this Third Claim for Relief, from the defendants various sums of money in overtime wages and/or other wages that defendants failed to pay plaintiffs in violation of the Labor Law of the State of New York and the Wage Orders issued there under, together with an award of costs, reasonable attorney's fees from the defendants, interest, and liquidated damages equal to 25% of the amount of such unpaid wages and wage supplements.

**AS AND FOR A FOURTH CLAIM FOR RELIEF
ON BEHALF OF  JEREMIAS GRANADOS
BASED UPON NEGLIGENCE**

48.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

49.     That the individual defendant(s) or one or some of them, had a duty to the plaintiffs, in that such defendant(s) were handling the cash or paychecks which constituted the payments for the wages owed to the plaintiffs by their employer(s) and/or were otherwise involved in running or managing the employer(s) of plaintiffs and as such had a duty to use reasonable care in the handling of such cash and paychecks and/or use reasonable care in respect to their running and managing of the plaintiffs employers(s) and in having such employer(s) of the plaintiffs pay the plaintiffs their full, proper, and legally required wages.

50.     That the individual defendant(s) or one or some of them, breached their duty of reasonable care towards the plaintiffs by negligently handling the wage payments owed to the plaintiffs and/or in otherwise being negligent in their managing and running of the plaintiffs employer(s), such lack of reasonable care by such defendant(s) being the direct and proximate cause of the plaintiffs' damages arising from the failure of the plaintiffs to receive his full, legal, and proper wages from the plaintiffs employer(s).

51.     That the individual defendant(s), or one or some of them, were negligent and such negligence damaged the plaintiffs and the plaintiffs, seeks, on this Fourth Claim for Relief, from such individual defendant(s) various sums of money in overtime

wages and/or other wages and wage supplements that should have been paid to the plaintiffs but was not paid to plaintiffs as a result of the negligence of such individual defendant(s).

### AS AND FOR A FIFTH CLAIM FOR RELIEF ON BEHALF OF JEREMIAS GRANADOS AGAINST THE INDIVIDUAL DEFENDANT(S) BASED UPON THEIR INDUCEMENT OF A BREACH OF CONTRACT

52.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

53.     That the plaintiffs, as alleged aforesaid, had a contract with his employer, one or more of the corporate defendants, to perform certain labor and services, and the terms of such contract required, as a matter of law, that the plaintiffs be paid a prevailing wage and certain other wages and benefits and overtime pay, all as previously alleged herein.

54.     That the individual defendant(s) or some of them, knowing full well the nature of the contract between the plaintiffs and his employer(s), induced the plaintiffs employer(s) to breach its (their) contract with the plaintiffs by failing to pay the plaintiffs the wages required under such defendant(s)' contract with the plaintiffs, such breach of the contract between the plaintiffs and their employer(s) being intentionally procured by the individual defendant(s) or some of them and the inducement of such breach of contract not being otherwise privileged.

55.     That as a result of the aforesaid inducement by the individual defendant(s), or some of them, to have the plaintiffs employer(s) breach its (their) contract with the plaintiffs the plaintiffs sustained damages in the form of wages which he should have been paid and received but which were not paid.

56.     The plaintiffs, seeks, on this Fifth Claim for Relief, a judgment against the individual defendant(s) for plaintiffs unpaid overtime wages and/or other wages and wage supplements that should have been paid to the plaintiffs but were not paid to the plaintiffs because of the individual defendant(s)' inducement of the breach of the contract between the plaintiffs and his employer(s), plus costs, punitive damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), disbursements, liquidated damages, and attorney's fees as awardable by statute.

**AS AND FOR A SIXTH CLAIM FOR RELIEF
ON BEHALF OF JEREMIAS GRANADOS
AGAINST JOHN DOE BONDING ENTITIES BASED UPON
NEW YORK STATE LABOR LAW SECTION 220-G**

57.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

58.     The defendant JOHN DOE BONDING ENTITIES (the "bonding entity"), has agreed to act as the surety for the other defendants by posting bond(s) pursuant New York State Finance Law § 137 to assure the other defendants, or some of the other

defendants, compliance with New York Labor Law Article 8, 8-A and/or 9 and/or otherwise have become legally liable to the plaintiffs for their claims against the other defendants.

59. That the plaintiffs, pursuant to New York State Labor Law § 220-g, seeks from the bonding entity the payment of the wages, wage supplements, liquidated damages, attorney's fees and the other relief that the plaintiffs are entitled to from his employers pursuant to New York Labor Law Article 8, 8-A and/or 9 and/or any other theory of recovery.

**WHEREFORE,** the plaintiffs demand judgment against the defendants on each cause of action as specified aforesaid, together with such other further and different relief that the Court deems just.

Plaintiffs demand a trial by jury on all issues so triable.

Dated: Brentwood, New York
August 6, 2012

Respectfully submitted,

Delvis Meléndez, Esq.
Attorney for Plaintiffs
90 Bradley Street
Brentwood, NY 11717
(631) 434-1443

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X    Docket No.:
JEREMIAS GRANADOS and MARCOS CHAVEZ,
individually and on
behalf of others similarly situated,

                Plaintiffs,


        -against-                                     CONSENT to
                                                      JOINDER


GOLD COAST TENNIS INC.,
JOHN DOE PRIME CONTRACTORS 1 THROUGH 10, and
JOHN DOE BONDING COMPANIES 1 THROUGH 10
WILLIAM SMITH AND TRAFFORD WATKINS
in their individual capacities


                Defendant(s).

------------------------------------------X
```

    By signing below I, Jeremias Granados, consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

Dated: August 10, 2012

                                    (Signature): *Jeremias Granados*
                                    Name: Jeremias Granados
                                    c/o Delvis Melendez. Esq.
                                    90 Bradley Street
                                    Brentwood, New York, 11717

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X   Docket No.:
JEREMIAS GRANADOS and MARCOS CHAVEZ,
individually and on
behalf of others similarly situated,

        Plaintiffs,


   -against-                                           **CONSENT to**
                                                             **JOINDER**


GOLD COAST TENNIS INC.,
JOHN DOE PRIME CONTRACTORS 1 THROUGH 10, and
JOHN DOE BONDING COMPANIES 1 THROUGH 10
WILLIAM SMITH AND TRAFFORD WATKINS
in their individual capacities


        Defendant(s).

------------------------------------------X


    By signing below I, Marco Chavez, consent to become a party plaintiff in this lawsuit and be bound by any decision herein.

Dated: August 10, 2012

                            (Signature):_____
                            Name: Marcos Chavez
                            c/o Delvis Melendez. Esq.
                            90 Bradley Street
                            Brentwood, New York, 11717