```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEREMIAS GRANADOS and MARCOS       :
CHAVEZ,                            :
                                   :    ORDER
                  Plaintiffs,      :    12-CV-4016 (JFB)(WDW)
                                   :
            – against –            :
                                   :
GOLD COAST TENNIS, INC. et al.,    :
                                   :
                  Defendants.      :
----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Wall, recommending that the Court strike the answers of and enter default against defendants Gold Coast Tennis, Inc., William Smith, and Trafford Watkins ("defendants"). Defendants have failed to object to the R&R or to otherwise communicate with the Court. For the reasons set forth below, the Court adopts the R&R in its entirety.

## I.  PROCEDURAL HISTORY

On August 13, 2012, Jeremias Granados and Marcos Chavez ("plaintiffs") filed a complaint against Gold Coast Tennis, Inc., William Smith, Trafford Watkins, and various unnamed prime contractors and bonding companies. Plaintiffs submitted an amended complaint on September 28, 2012. On November 27, 2012, plaintiffs filed a letter requesting a pre-motion conference in anticipation of filing a motion to allow the circulation of a notice of pendency. The Court conducted a telephone pre-motion conference on December 7, 2012, and conditionally certified the case as a collective action. On December 17, 2012, defendants filed an answer to the amended complaint.

On April 15, 2013, plaintiffs filed a letter motion to compel. In that letter, plaintiffs outlined the defendants' failure to produce documents requested and to respond to any interrogatories. Defendants did not oppose the motion. (*See* ECF No. 18.) By Order dated April 24, 2013, Magistrate Judge Wall (1) granted plaintiffs' motion as unopposed and on the merits; (2) directed defendants to correct all of the discovery lapses set forth in plaintiffs' motion no later than May 9, 2013; (3)

noted that defendants' failure to timely respond to plaintiffs' discovery demands resulted in a waiver of all objections as to the interrogatories and all objections as to the document demands except for those based on privilege; and (4) awarded plaintiffs $250.00 in costs. (*See* ECF No. 19.)

On May 22, 2013, plaintiffs again filed a letter motion for contempt, this time outlining defendants' noncompliance with Magistrate Judge Wall's April 24, 2013 Order and requesting relief under Rule 37 of the Federal Rules of Civil Procedure. (*See* ECF No. 20.) By Order dated June 3, 2013, Magistrate Judge Wall directed defendants to show cause as to why he should not recommend Rule 37 sanctions to the undersigned and scheduled a hearing for June 14, 2013. (*See* ECF No. 21.) Defendants failed to appear for the June 14, 2013 hearing.

On June 19, 2013, Magistrate Judge Wall issued a R&R recommending that the undersigned strike the answers of the defendants and enter default against them. The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* Report and Recommendation dated June 19, 2013, at 3.) No objections have been filed to date, although the date for filing any objections has expired.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

## III. ANALYSIS

2

A. <u>Rule 37 Sanctions</u>

Rule 37 of the Federal Rules of Civil Procedure authorizes district courts to impose a range of sanctions in the event that a party fails to comply with a court discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Such sanctions that are within the discretion of a district court include "striking the pleadings in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(iii), and "rendering a default judgment against the disobedient party," Fed. R. Civ. P. 37(b)(2)(A)(vi).

The Second Circuit has indicated that "'[s]everal factors may be useful in evaluating a district court's exercise of discretion' to impose sanctions pursuant to [Rule 37], including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (alteration in original) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). However, the Second Circuit has also noted that "[b]ecause the text of the rule requires only that the district court's orders be 'just,' [] and because the district court has '*wide discretion* in imposing sanctions under Rule 37,' these factors are not exclusive," and they need not each be resolved against the party for whom sanctions is sought. *Id.* (emphasis added) (quoting *Scherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)). A district court is free to consider the full record in the case in order to select the appropriate sanction. *Id.*

As Magistrate Judge Wall noted in his R&R, after providing minimal discovery in this case, defendants have failed to cooperate or communicate with plaintiffs during the discovery process and have failed to follow, or even respond to, the Court's Orders. Defendants were directed to show cause at a hearing before Magistrate Judge Wall on June 14, 2013, and they simply failed to appear without explanation. This occurred after they ignored Magistrate Judge Wall's earlier discovery directives, contained within his June 3, 2013 Order, and also failed to

3

respond to plaintiffs' discovery demands made prior to April 2013.

The Court deems defendants' noncompliance willful given that the discovery orders were filed on the case docket, and yet defendants repeatedly failed to comply. *See, e.g.*, *Kuruwa v. Meyers*, 823 F. Supp. 2d 253, 255 & n.2 (S.D.N.Y. 2011) (deeming failure to comply with discovery order willful where defendant was aware of the order, failed to seek an extension to comply with the order, and then failed to respond to a subsequent order directing him to show cause as to why he should not be sanctioned, in the form of a default, for failure to comply). Defendants' noncompliance with discovery demands has been persistent for months (since at least April of 2013), and thus qualifies as an amount of time sufficient to warrant the imposition of sanctions. *See, e.g.*, *Jackson Hewitt Inc. v. Excellent Prof's Servs. LLC*, 08-CV-5237 (JG)(RER), 2010 U.S. Dist. LEXIS 141055, at *5-6 (E.D.N.Y. Nov. 8, 2010) (Report & Recommendation) (considering the duration of defendants' failure to respond to court order – two months – in connection with their overall failure to participate in the litigation in any meaningful sense, and concluding that Rule 37 sanctions were warranted), adopted by 2011 U.S. Dist. LEXIS 8795 (E.D.N.Y. Jan. 31, 2011).     Moreover, defendants were explicitly warned that their failure to comply with discovery directives would result in a recommendation that Rule 37 sanctions be imposed against them. (*See* ECF No. 21.) The Court has considered the efficacy of lesser sanctions, but concludes that because defendants have repeatedly failed to comply with Magistrate Judge Wall's discovery orders or to engage with both plaintiffs' counsel and the Court, any lesser sanction would be futile. *See, e.g.*, *Coach, Inc. v. O'Brien*, 10 Civ. 6071 (JPO)(JLC), 2012 U.S. Dist. LEXIS 52565, at *24-25 (S.D.N.Y. Apr. 13, 2012) (finding that imposing any sanction less than default would be "an exercise in futility" because defendant repeatedly failed to respond to court orders, communicate with the court, or communicate with opposing counsel during discovery).

In sum, the Court recognizes that the imposition of Rule 37 sanctions in this form constitutes

4

a "drastic remedy." *S. New Eng. Tel. Co.*, 624 F.3d at 144. However, "discovery orders are meant to be followed," and because the Court finds that defendants' failure to comply with Magistrate Judge Wall's discovery directives was due to "willfulness, bad faith, or [] fault," no "lesser alternatives" would suffice here. *Id.* Accordingly, having conducted a review of the full record and applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety. Even under a *de novo* standard, the Court adopts the R&R in its entirety. Accordingly, defendants' answer shall be stricken and default judgment shall be entered against them.

B. Damages

To obtain damages related to a default judgment, "a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation." *In re Suprema Specialties, Inc.*, 330 B.R. 40, 54-55 (S.D.N.Y. 2005) (citing *SEC v. Mgmt. Dynamics*, 515 F.2d 801, 814 (2d Cir.1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded."). Rule 55(b)(2) permits a court to conduct a hearing "as it deems necessary and proper" to calculate damages, "vesting considerable discretion in the court to establish the procedures appropriate to the particular case." *Id.* at 55. However, a hearing is not necessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Servs.*, Inc., 873 F.2d 38, 40 (2d Cir.1989).

Given that no documentary evidence or affidavits on the issue of damages have yet been filed, the Court cannot address damages at this time. Accordingly, the Court refers this matter to Magistrate Judge Wall for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. Defendants' answer shall be stricken and the Clerk of the Court shall enter default judgment against the defendants.

IT IS FURTHER ORDERED that the Court refers this matter to Magistrate Judge Wall for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     July 16, 2013
           Central Islip, New York